IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDITA N. LAUREL,

    Plaintiff,

v.

NORTHWEST AIRLINES, INC., and KIERAN SHERIDAN,

    Defendants.

No. C 3:04-CV-00440 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING.**

## I. INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), filed by defendants Northwest Airlines, Inc. ("Northwest") and Kieran Sheridan ("Mr. Sheridan") (collectively "Defendants"). Defendants argue that Plaintiff fails to state a claim on the ground that her causes of action are barred by statutes of limitation, are preempted by the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (the "RLA"), and are barred by the exclusivity provisions of California's Workers Compensation Act. Defendant Sheridan also moves to dismiss on the ground that he cannot be held liable for discrimination claims under Title VII or California's Fair Employment and Housing Act ("FEHA").

Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' motion and REMANDS this action to the San Mateo County Superior Court.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was hired by Northwest on April 25, 1997 as a reservation sale agent.  (SAC ¶ 8.) Plaintiff is still employed by Northwest, and as an employee of Northwest, Plaintiff is subject to a collective bargaining agreement ("CBA") between Northwest and the International Association of Machinists and Aerospace Workers union.  (*See* Defendants' Supplemental Request for Judicial Notice ("Supp. RJN"), Ex. 2 - Declaration of Kieran Sheridan filed 2/18/04, ¶ 2 and Exhibit 2 thereto.)[1]

On June 1, 2000, Plaintiff was promoted to a Customer Service Supervisor ("CSS") and assigned to work at the San Francisco airport ("SFO").  (*Id.*)  According to the allegations in the SAC, within one week of her arrival at SFO, Northwest employees began to harass her.  (*Id.* ¶ 9.) As an example of the harassing conduct, Plaintiff claims her undergarments were removed from her suitcase and scattered around the employee locker room.  (*Id.*)  Plaintiff alleges that she notified Northwest management of the actions of her co-workers but that no action was taken; rather she was blamed for Northwest employees' conduct.  (*Id.* ¶¶ 9-10.)  Eventually Plaintiff contacted Mr. Sheridan about the harassment.  Plaintiff alleges that Mr. Sheridan conducted a brief investigation but that the harassment did not stop.  (*Id.* ¶ 12.)

In June 2001, Plaintiff was awarded a CSS position at the Las Vegas airport, where she claims she was again harassed by co-workers.  (*Id.*, ¶ 13.)  Within a short period of time, Plaintiff was transferred back to her CSS position at SFO.  (*Id.*)  Upon her return, she was demoted to a Customer Service Agent and harassment continued.  (*Id.* ¶ 14.)  Plaintiff filed a request for a board review with her union, which ended in a resolution whereby Plaintiff was reinstated as a CSS and awarded back pay.  Plaintiff alleges that Sheridan was notified of this resolution in October 2001, but did not reinstate her until March 2002.  (*Id.*)

---

[1] Defendants' requests for judicial notice include documents of which this Court can properly take judicial notice, as well as documents referenced in but not attached to Plaintiff's SAC, the authenticity of which Plaintiff does not dispute.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MCIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Plaintiff also has not objected to Defendants' requests.  Accordingly, those requests are GRANTED.

2

1   On February 12, 2002, Plaintiff filed a charge of discrimination with the EEOC, in which she
2   raised the issue of her demotion in August 2001 and the internal review procedure described above.
3   (Defendants' Request for Judicial Notice ("RJN"), Ex. 1.)  The EEOC issued a Notice of Charge of
4   Discrimination on February 20, 2002, stated that it was referring the matter to the California
5   Department of Fair Housing and Employment, and issued Plaintiff a right to sue letter on that same
6   date.  (*Id.*)  In August 2002, Plaintiff was once again demoted to a Customer Service Agent, and
7   alleges that her coworkers again harassed her in various ways.  (*Id.*, ¶ 15.)

8   On October 31, 2002, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff in
9   connection with the February 12, 2002 charge.  (RJN, Ex. 2.)  On November 1, 2002, Plaintiff filed
10  another charge with the EEOC, in which she raised her August 2002 demotion and claimed that she
11  believed Northwest had retaliated against her "for engaging in protected activity."  (*Id.*, Ex. 3.)  The
12  EEOC issued a Notice of Charge of Discrimination on November 5, 2002.  (*Id.*)  On March 7, 2003,
13  the EEOC issued its Dismissal and Notice of Rights on the latter charge.  (*Id.*, Ex. 4.)

14  On or about November 5, 2003, Plaintiff, proceeding *pro se*, filed a complaint in San Mateo
15  Superior Court using a California state form complaint with a cause of action for "intentional tort."
16  (Supp. RJN, Ex. 3.)

17  On December 2, 2004, after obtaining counsel, Plaintiff filed the Second Amended Complaint
18  ("SAC") alleging causes of action against Northwest and Mr. Sheridan for violations of Title VII,
19  violations FEHA, retaliation in violation of California Labor Code § 232.5, intentional infliction of
20  emotional distress, negligent infliction of emotional distress, and negligence.

### III. DISCUSSION

**A.    Legal Standards Applicable to Defendants' Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  The complaint is construed in

3

1  the light most favorable to the non-moving party and all material allegations in the complaint are taken
2  to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

3  Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack
4  of subject matter jurisdiction, based on their assertion that the state law claims are preempted by the
5  RLA. Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the
6  factual allegations of the complaint are taken as true and the non-moving party is entitled to have those
7  facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors
8  v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual" a
9  defendant may rely on affidavits or other evidence that would be properly before the Court, and the
10 non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in
11 the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill
12 Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

13  **B.     The Title VII Claim.**

14  Defendants argue that Plaintiff's Title VII claims are time barred and that Mr. Sheridan cannot
15 be held liable for any alleged violations of Title VII.

16  **1.     The claim against Mr. Sheridan is dismissed.**

17  At oral argument, Plaintiff conceded that Defendant Sheridan is not a proper defendant as to
18 her Title VII claims. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).
19 Accordingly, the Title VII claim is DISMISSED WITH PREJUDICE as to Mr. Sheridan based on
20 this concession.

21  **2.     The claim against Northwest is dismissed.**

22  Plaintiff filed her first EEOC charge on February 2, 2002, and the charge was dismissed by the
23 EEOC on October 31, 2002. Plaintiff had 90 days thereafter in which to file a Title VII claim. 42
24 U.S.C. sec. 2000e-5(f)(1). Similarly, Plaintiff's second charge was filed on November 4, 2003, and
25 was dismissed on March 7, 2003. Again, Plaintiff had 90 days in which to file a Title VII claim.
26 Plaintiff did not file her initial complaint in state court until November 5, 2003, a date outside the ninety
27 day limitations period for both claims. Thus, barring a reason to toll the limitations period, Plaintiff's
28 Title VII claim is barred. *See, e.g, Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95

4

1  (1990) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)) (statutory time limits

2  in which to bring Title VII claims against private employers subject to equitable tolling).

3       In *Irwin*, the Supreme Court noted that Federal Courts have permitted equitable tolling in

4  cases where a plaintiff has "actively pursued his judicial remedies by filing a defective pleading during

5  the statutory period, ... or has been induced or tricked by his adversary's misconduct into allowing the

6  filing deadline to pass." *Id.* at 96; *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)

7  (equitable tolling will apply where plaintiff is prevented from filing claim by defendant's wrongful

8  conduct or "when extraordinary circumstances beyond the plaintiff's control made it impossible" to

9  timely file a claim.)  The Supreme Court also noted that equitable tolling would not apply where the

10 facts amounted to "a garden variety claim of excusable neglect." *Id.*  The Court finds that the facts in

11 this case fall within this last situation.

12      Plaintiff claims that when she filed her second EEOC charge she thought she was filing a

13 continuation of her earlier claim.  Even if this is true, her lawsuit was still filed more than 90 days after

14 receiving the notice of dismissal of that charge.  The only further explanation Plaintiff provides for her

15 failure to file within the ninety day period is that she was confused about the time period in which she

16 had to file suit, was attempting to locate counsel and raise money to file a suit. (Laurel Declaration in

17 Support of Plaintiff's Opposition to Motion to Dismiss, ¶¶ 1-3.)  However, the notices of dismissal

18 from the EEOC make clear that any federal claims she might wish to assert were required to be filed

19 within 90 days after receipt of the notices.  (RJN Exs. 2, 4.)  Furthermore, there is no suggestion that

20 Defendants mislead Plaintiff or otherwise prevented her from filing her claim.   The Court does not find

21 that Plaintiff acted in bad faith or acted in a dilatory fashion, but it cannot find that the facts presented

22 are the type of "extraordinary circumstances" that would warrant tolling the deadline.  *Compare*

23 *Irwin*, 498 U.S. 89 (equitable tolling not applied where plaintiff received notice of dismissal, lawyer

24 had received notice before plaintiff but was out of the office, and suit was not filed until after the

25 limitations period had expired) *with Stoll*, 165 F.3d 1238 (applying equitable tolling where plaintiff so

26 traumatized by defendants' conduct that she could neither function effectively nor communicate with

27 her attorneys).  Accordingly, Plaintiff's Title VII claim against Northwest is time barred and is

28 DISMISSED WITH PREJUDICE.

5

### C. Plaintiffs Fourth, Fifth and Sixth Causes of Action.

Plaintiff's fourth, fifth, and sixth causes of action assert state tort law claims for intentional and negligent infliction of emotional distress and negligence. Defendants assert that each of these causes of action must be dismissed because they are preempted by the RLA.

"[T]he RLA provides for mandatory arbitration of two classes of disputes." *Espinal v. Northwest Airlines, Inc.*, 90 F.3d 1452, 1456 (1996). Disputes about the "'formation of collective bargaining agreements or efforts to secure them'" are classified as "major" disputes. *Id.* (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). Disputes which "'involve controversies of the meaning of an existing collective bargaining agreement in a particular fact situation'" are classified as minor disputes. (*Id.*) However, state law claims that exist independently of the CBA and are not dependent upon interpretation of the CBA are not preempted. *Id.* To determine whether a claim is preempted, the Court "must look to the source of the right asserted by" Plaintiff. *Id.*

To the extent the dispute between Plaintiff and Defendants falls within the scope of the RLA, the Court concludes it would qualify as a "minor" dispute. Plaintiff, in her opposition, argued forcefully that Defendants' conduct would not require interpretation of the CBA. In the SAC, however, she alleges that her intentional infliction of emotional distress is based on alleged harassment, retaliation, demotion, and discrimination. Further, during oral argument Plaintiff conceded that her intentional infliction of emotional distress claim against Defendants rested *in part* on Defendants' employment decisions. Based on this concession, to the extent those claims rest on Defendants' employment decisions, the claims would require interpretation of the CBA and are preempted.

The Court cannot, however, conclude that Plaintiff's fourth, fifth, and sixth causes of action are entirely preempted by the RLA based on her assertion that these claims are also based on the incidents of harassment set forth in her complaint and that those actions – rather than Northwest's employment decisions - caused her damages. The Court finds that these allegations would not necessarily require interpretation of the CBA and, thus, would not be preempted by the RLA. As such, to the extent Plaintiff's fourth, fifth, and sixth cause of actions rest on allegations of injury

6

unrelated to Northwest's employment decisions, Defendants' motion is denied. *See, e.g., Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1087 (9th Cir. 1991).

For these reasons, the Court concludes that Defendants' motion should be GRANTED IN PART AND DENIED IN PART as to the fourth, fifth and sixth causes of action.

### IV.  CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.  Having concluded that Plaintiff's Title VII claim must be dismissed, and having determined that the fourth, fifth and sixth causes of action must be dismissed in part, because they are preempted by the RLA, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and REMANDS this action to the Superior Court.  To the extent the Court has not addressed arguments raised in connection with Plaintiff's remaining state law causes of action, Defendants' motion is DENIED WITHOUT PREJUDICE to renewing those arguments in the Superior Court.

**IT IS SO ORDERED.**

Dated: April 29, 2005                                     /s/ Jeffrey S. White
                                                                JEFFREY S. WHITE
                                                                UNITED STATES DISTRICT JUDGE